Jemmy GUNAWAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 07–70187.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Ebby S. Bakhtiar, Livingston Bakhtiar, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Kristin K. Edison, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jemmy Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Gunawan failed to establish that he suffered past persecution in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir.2009). Substantial evidence also supports the agency's conclusion that Gunawan failed to establish a clear probability of future persecution because he submitted no evidence of individualized risk of future harm, *see Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc), and because he has simi-

larly situated family members who remain in Indonesia without harm, *see Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001). Accordingly, his withholding of removal claim fails. *See id.* at 817.

In his opening brief, Gunawan does not challenge the agency's denial of asylum on timeliness grounds or his claim under the Convention Against Torture. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

